[Cite as *State v. Oehlstrom*, 2012-Ohio-4718.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97785**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# RICHARD OEHLSTROM

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-550417

**BEFORE:** Cooney, P.J., Keough, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 11, 2012

**ATTORNEY FOR APPELLANT**

Timothy R. Sterkel
1414 South Green Road
Suite 310
Cleveland, OH 44121


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Andrew Rogalski
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, P.J.:

**{¶1}** Defendant-appellant, Richard Oehlstrom ("Oehlstrom"), appeals his sentence for attempted felonious assault and vandalism. Finding no merit to the appeal, we affirm.

**{¶2}** In May 2011, Oehlstrom was charged with felonious assault on a peace officer, assault on a peace officer, harassment by an inmate, vandalism, and carrying a concealed weapon.

**{¶3}** In November 2011, Oehlstrom pled guilty to an amended charge of attempted felonious assault with a forfeiture specification, harassment, and vandalism. The remaining counts were nolled. In December 2011, he was sentenced to 18 months in prison for attempted felonious assault and two 12-month terms for harassment and vandalism. All three sentences were ordered to run concurrently.

**{¶4}** Oehlstrom now appeals, arguing in his sole assignment of error that the trial court erred when it sentenced him to 18 months in prison without considering relevant factors. He argues that his lack of prior felony convictions and his current physical condition (medicated for a psychiatric condition and no longer addicted) should have been considered as mitigating factors.

**{¶5}** We review felony sentences under the standard set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. First, we examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to

determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision is then reviewed under an abuse-of-discretion standard.

{¶6} In the instant case, we do not find Oehlstrom's sentence contrary to law. His 18-month sentence is within the permissible statutory range for his conviction of attempted felonious assault, a felony of the third degree with a 36-month maximum sentence. His two 12-month sentences are also within the permissible statutory range for harassment and vandalism, felonies of the fifth degree that carry 12-month maximum prison sentences. Oehlstrom's sentences were ordered to run concurrent to each other, for an aggregate sentence of 18 months in prison, far below the maximum possible prison sentence of 60 months in prison for these three charges.

{¶7} Having satisfied the first step, we next consider whether the trial court abused its discretion. *Kalish* at ¶4, 19. "An abuse of discretion is '"more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."'" *Id.* at ¶ 19, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶8} Oehlstrom argues that his sentence constitutes an abuse of discretion because his lack of prior felony convictions should have been a mitigating factor. However, after a thorough review of the record, we find that the trial court did not abuse its discretion. Both Oehlstrom and his attorney were afforded the opportunity to speak

in mitigation at the sentencing hearing. The trial court noted the seriousness of the officer's injuries and the extent of his rehabilitation and potential lifelong disability. The court also noted Oehlstrom's very recent disorderly conduct conviction. The court referred to the presentence investigation report's discussion of Oehlstrom's drug and alcohol use, and the apparent lack of remorse noted by the probation officer.

{¶9} Thus, we find nothing in the record to suggest that the trial court's decision was unreasonable, arbitrary, or unconscionable. Accordingly, Oehlstrom's sole assignment of error is overruled.

{¶10} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J., CONCUR